**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10579 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00019-FMTG-1 |
| v. | |
| MELVIN DAVID DIAZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted August 27, 2014
Hagatna, Guam

Before: SCHROEDER, KOZINSKI, and N.R. SMITH, Circuit Judges.

1. Sufficient evidence supported the jury's finding, beyond a reasonable

doubt, that the dominant purpose of Diaz's travel to Rota, between August 1, 2010

and September 30, 2010, was to engage in sexual activity with the victim, whom

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Diaz knew to be a minor.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Lukashov*, 694 F.3d 1107, 1119 (9th Cir. 2012).

2. Because Diaz can be convicted of traveling in interstate commerce with the intent to engage in illicit sexual conduct with a minor without actually having sex with a minor, Diaz's sentence may be enhanced for having sex with this victim without punishing Diaz twice for that conduct.  *See* U.S. Sentencing Guidelines Manual ("USSG") § 2G1.3(b)(4)(A) (2011); *United States v. Clark*, 435 F.3d 1100, 1116 (9th Cir. 2006).

3. The district court did not plainly err in calculating Diaz's criminal history points and category.  The facts included in the pre-sentence investigation report and presented at trial provided sufficient evidence for the district court to conclude (by a preponderance of the evidence) that Diaz formulated the intent to engage in illicit sexual conduct with this minor within ten years of his two prior convictions, even though he traveled outside the ten year period.  *See* USSG § 4A1.2(e)(2). Federal officials received information that Diaz was having sexual relations with a minor in Rota in April 2010.  For months before Diaz traveled to Rota, he and the minor had telephone conversations five to six times per week.  In May 2010, Diaz asked permission of the minor's parents to date her; Diaz attended her junior high

graduation; and the victim claimed that Diaz had sex with her (although impeaching evidence was introduced on this point).

4. The district court considered the 18 U.S.C. § 3553(a) factors, did not base its decision on erroneous facts, and considered the totality of the circumstances to arrive at a sentence that was procedurally and substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED**.

United States v. Diaz, No. 12-10579

**KOZINSKI,** Circuit Judge, dissenting in part:

Sentences for past crimes may count towards a defendant's criminal history score only if the sentences were "imposed within ten years of the defendant's commencement of the instant offense."  U.S.S.G. § 4A1.2(e)(2)–(3).  Diaz's sentences for family violence and simple stalking were imposed on August 15, 2000, so the question is whether Diaz began committing the current offense—traveling to Rota for the purpose of having sex with the underage victim—before August 15, 2010.

The government concedes that Diaz didn't begin the crime during his trip in May 2010, as he didn't know the victim was underage when he traveled to Rota at that time.  Diaz's next trip wasn't until September.  The key question, then, is whether Diaz did anything before August 15 "in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1).  While Diaz communicated with the victim prior to August 15, there is no evidence that any of these communications involved planning for the September trip; nor is there any other evidence that Diaz prepared for this trip before August 15.  Given these undisputed facts, the district court's mathematical error is plain.

In handing down a 97-month prison term, the district court said it intended

to give Diaz the "maximum sentence."  Excluding the two prior sentences would have reduced Diaz's Guidelines range from 78–97 months to 70–87 months.  There is thus little doubt that the district court's mistake cost Diaz almost a year in prison, affecting Diaz's substantial rights and undermining the fairness of the sentencing proceedings.  Because "it is a miscarriage of justice to give a person an illegal sentence," United States v. Ameline, 409 F.3d 1073, 1081 (9th Cir. 2005) (internal quotation marks omitted), I would remand for resentencing.